THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL SALÓN COLÓN ET AL., Defendants and Appellants.

No. 13048.   Argued February 19, 1948.—Decided April 30, 1948.

*José R. Fournier* for appellants.   *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Miguel Salón, Samuel Maldonado and Felipe Nieves were charged with the offense of grand larceny.   When the case was called for trial, but before the jury was impanelled, the prosecuting attorney moved for the dismissal of the charge against Felipe Nieves for lack of evidence to support it. After the motion was granted and the case dismissed as to Nieves, the trial commenced against Maldonado and Salón. The jury was impanelled and the prosecuting attorney asked leave to call Nieves as a witness for the People.   The defense objected on the ground that it was not prepared to meet the new situation because it was a surprise, for which reason the

defendants were not ready for trial. The court permitted Nieves to be used as a witness for the People and the defendants took exception.

The jury brought a verdict of guilty against Miguel Salón and Samuel Maldonado. They were sentenced from two to three years' and from three to five years' imprisonment at hard labor respectively. Both appealed and assigned as their only error that the court permitted the prosecuting attorney to use Felipe Nieves as witness.

██ The defendants concede that pursuant to § 239 of the Code of Criminal Procedure, when two or more persons are included in the same charge, the court may, at any time before the defendants have gone into their defense, on the application of the prosecuting attorney, direct any defendant to be discharged that he may be a witness for the People. The defendants contend that when the prosecuting attorney announced his purpose of using Nieves as his witness after the jury was impanelled he did so untimely and that to use him under such conditions constituted a surprise for them.

Defendants' contention lacks merit. If the prosecuting attorney, in the exercise of the right granted to him under § 239, *supra,* had put off his motion to dismiss the charge against Nieves until he had commenced his evidence but before defendants had gone into their defense, the surprise would not have been alleged, inasmuch as he had acted pursuant to the letter of the law. And if this is so, why should it then constitute a surprise or prejudice if the district attorney seeks the dismissal before commencing his evidence? If the law authorizes the prosecuting attorney to abandon the charge, with leave of the court, against any defendant in order to use him as a witness against his companions, provided the motion is filed before the commencement of defendants' evidence, it may be easily conceived that the defendants— since they cannot allege ignorance of the law—should come prepared to confront this emergency. Otherwise, any sur-

prise they may have is not the fault of the prosecuting attorney but of their own lack of foresight.

It may be urged that when the district attorney moved for the dismissal of the charge against Nieves, he did not announce that he was doing it because he intended to use him as a witness. The words ''that he may be a witness for the People'' contained in § 239 do not mean that the prosecuting attorney may only ask for the dismissal when he wishes to use the defendant as a witness. Of course, if there is sufficient evidence against the defendant to submit the case to the jury, the prosecuting attorney should not move for the dismissal unless he intends to use him as a witness against his companions. But the prosecuting attorney has not only the right but the duty to move for the dismissal when he has not sufficient evidence to obtain a conviction. Once the defendant is discharged he may be compelled to testify as any other witness.[1]

The judgment is affirmed.

---

[1] Act No. 13 of April 9, 1941 (page 346) provides insofar as pertinent:

''No person shall be prosecuted, punished, or have his property confiscated for testifying or for offering any kind of evidence in a criminal proceeding, process, or investigation, and such immunity shall cover the declarant not only concerning the testimony given by him in regard to the crime being investigated, but also concerning any liability he may have incurred in regard to other crimes.''